## STATE EX CAMPBELL v. DILL

### Ohio Appeals, 2nd Dist., Franklin Co.

### No. 1634. Decided Nov. 23, 1927.

**First Publication of This Opinion.**

#### Syllabus by Editorial Staff.

**448. ELECTIONS—Political—775. Mistake.**

1. Where candidate is identified by last name only, evidence shows that there were four parties of same name in township, and many more throughout other portions of district, and there is no satisfactory evidence that a sufficient number of electors had identical party in mind as candidate, such candidate cannot be declared elected.

2. Where notice of special meeting of advisory counsel fails to give any hint that purpose of such meeting is to elect member of such counsel, election held at such meeting is void.

### IN QUO WARRANTO.

Donald J. Hoskins, and Phil S. Bradford, Columbus, for State ex.

Harley E. Peters, Columbus, for Dill.

John J. Chester, Pros. Atty., appearing by virtue of his office.

### STATEMENT OF FACTS.

This is an original action in quo warranto and involves the right to the office of member of the Franklin County District Board of Health.

Frank E. Dill was the incumbent whose term expired on the first Monday in May, 1927, or as soon thereafter as a successor was appointed and qualified.

The constituency provided for the election or appointment of an incumbent for the said office were the mayors of the villages and the presidents of the Boards of Township Trustees of Franklin County. These are designated as the Advisory Counsel of the Franklin County Health District.

The Advisory Counsel met in annual session May 2nd, 1927, and undertook to elect a successor to Dill.

John W. Campbell was not a candidate and knew nothing of any movement in his behalf prior to the alleged election. There is testimony tending to show some discussion, by a few members, of Campbell as a suitable person for the appointment. When the meeting opened Dr. Whitaker handed Mr. Paul Wood of Hilliards a paper upon which was written the name of Campbell. Wood thereupon nominated Campbell and J. C. Felton of Grove City seconded Campbell's nomination. Dill and Archer were also nominated. There are 36 members of the Advisory Board, of whom 22 were present. Twenty-one voted as follows: Campbell 14, Dill 5, Archer 2.

### BY THE COURT.

"There is uncertainty as to the manner of Campbell's nomination. The weight of the

evidence is that the paper handed Wood by Doctor Whitaker did not show the full name or the initials of Campbell, nor was there any other description of Campbell thereon.

Cases have been cited holding that mistakes in the names of candidates do not invalidate ballots where the identity of the person intended to be voted for is definitely shown. We agree with the doctrine of those cases. In the cases cited there were either actual candidates or persons standing in a position where the identity was known to the voters. Where the intention of the voter is clear and where the mistake is merely in the name, it is undoubted that a court may correct the description and enforce the clearly established and definite intention of the voters.

Here there was no active candidate nor was there any specific person, known to the voters, standing out for their consideration for the office, so as to raise a satisfactory inference that the voters had him in mind, at the time of voting, or that it was the actual intention of enough of said voters to vote for relator, to constitute an election.

The evidence shows that there were four Campbells in Jackson Township and many more throughout other portions of the district. In the absence of satisfactory evidence that a sufficient number of the membership of the said Advisory Board had the identical John W. Campbell in mind, as the person voted for, to constitute an election, we feel that we are required to hold that John W. Campbell was not elected to the office in question and that, as against the relator, Frank E. Dill was entitled to hold over until a successor was legally elected and qualified.

On June 11, 1927, the Advisory Board was reassembled and went through the form of electing Frank E. Dill for the regular term as his own successor. The notice given of this special meeting was not sufficient to justify the election of Dill for the regular term. There was nothing in the notice which gave any hint that the purpose of the meeting was to elect a successor to Dill upon said Advisory Board. Consequently such election of Dill for the regular term was invalid and Dill's only title, therefore, is as a holdover until his successor is regularly elected at a meeting of the Advisory Board of which due notice had been previously given to each member of the Board, specifically and definitely stating that one of the purposes of the meeting to be called is the election of a member of the Board of Health for the regular term. The judgment of this court is, therefore, against the relator and in favor of the said Frank M. Dill as a holdover member pending the regular election and qualification of a successor in the manner herein provided."

(Ferneding, Kunkle and Allread, JJ., concur.)